## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Joseph S. McCord

October 10, 1990

Case No. (Criminal) 67003

By JUDGE ROSEMARIE ANNUNZIATA

The matter before the Court is defendant Joseph S. McCord's Motion to Suppress certain statements he made as a result of questioning by two Fairfax County Police Department investigators. In support of his motion, defendant invokes the Fifth Amendment and its due process guarantees.

Defendant is accused of the aggravated sexual battery of a seven-year old boy who lives in the accused's residential complex. The defendant was questioned after police received complaints about the conduct of an individual in the complex from a number of parents of young children and after having spoken to some of the children themselves.

The alleged victim in this case identified the defendant's apartment as the site of the battery and provided the investigator with a description of the perpetrator, including the perpetrator's first name, to wit "Joseph." The child also gave the investigators a description of the apartment interior. Through further investigation and record checks, defendant's last name and physical description were obtained from D.M.V. records. A criminal record check revealed defendant had one conviction for driving under the influence and had been involved in several criminal cases as a complaining witness.

On the day in question, the investigators, dressed in civilian clothes, staked out the defendant's apartment and parking lot. Once the defendant was identified as the individual they were seeking to question, the two officers approached the defendant and asked to talk to him. When the defendant agreed, the officers followed him some thirty-five feet to his apartment, where the questioning was conducted, with all three seated around a table. The defendant was not given his *Miranda* rights.

In *Miranda v. Arizona*, 384 U.S. 436 (1966), the United States Supreme Court held that answers to questions posed to a suspect in custody without administering certain prescribed warnings are presumed compelled and must be excluded at trial. The Court subsequently held that a confession obtained in full compliance with *Miranda* may, nevertheless, be inadmissible, if it was not voluntary. *Miller v. Fenton*, 474 U.S. 104 (1985). Thus, the inquiry here is two-fold.

The critical issue in the first inquiry is whether the defendant was in custody or otherwise deprived of his freedom of action in any significant way. *Miranda*, 384 U.S. at 444; *Wass v. Commonwealth*, 5 Va. App. 27, 31 (1987). Custodial interrogation, requiring the *Miranda* safeguards, can occur in locations other than the police station, *see Orozco v. Texas*, 394 U.S. 324 (1969), including the suspect's home. *Id.; Smith v. Commonwealth*, 219 Va. 455 (1978).

However, not all questioning of suspects detained by the police constitutes custodial interrogation for purposes of *Miranda. Wass v. Commonwealth*, 5 Va. App. at 32. "It is only when a suspect's freedom of movement is curtailed to a degree associated with a formal arrest that the suspect is entitled to the full protection of *Miranda.*" *Id.* at 32. The question is viewed from the vantage point of "how a reasonable man in the suspect's position would have understood his situation." *Berkermer v. McCarty*, 468 U.S. 420, 442 (1984).

In the present case, McCord was questioned at his home, a setting presumed to be non-coercive. *Wass v. Commonwealth*, 5 Va. App. at 33. McCord was not under physical restraint. Arguably, the presence of the police officers, one of whom was armed, may have had some coercive effect. *See generally, Oregon v. Mathiasan*, 429 U.S. 492, 495

(1977). However, in my opinion, the evidence establishes McCord did not consider himself to be under arrest. McCord felt sufficiently unrestrained to drink two beers during the interview, having been assured by the investigators that "it was his house and he could do whatever he wanted." Indeed, knowing he was not under arrest, he sought a delay in his arrest so he could attend a National Guard training weekend. Such a request is inconsistent with a belief that one's freedom of movement was restrained to the decree associated with a formal arrest. In fact, McCord was not under arrest, and the police officers left without putting him under arrest.

Defendant also contends that the investigators had become accusatory and that he had become the focus of the investigation even before the interview began or certainly shortly thereafter. Defendant also points out he was made to confront certain evidence of his guilt. In particular, he was asked to explain how the alleged victim could describe the interior of defendant's apartment if he had never been in the apartment.

While these are relevant factors to consider, as is the existence of probable cause to arrest, *Wass v. Commonwealth*, 5 Va. App. at 33, they are not determinative when weighed against other relevant factors evidencing a non-custodial setting. *See Smith v. Commonwealth*, 219 Va. 455 (1978). The probative evidence regarding the custodial nature of the interrogation in this case is certainly no more compelling than the facts established in *Smith v. Commonwealth, supra*. In *Smith*, the Virginia Supreme Court held that the in-home confession of an individual who police suspected of rape and murder, even when preceded by accusations and feigned inculpatory evidence, was not the product of a custodial interrogation for the purposes of *Miranda*. *Smith v. Commonwealth*, 219 Va. at 470.

In summary, I find that the *Miranda* warnings were not required before defendant was questioned with regard to the complaint at issue in this case.

With respect to the second inquiry, in deciding whether defendant's statement was voluntary, the Court "must determine whether, in light of the totality of the circumstances, including not only the details of the interrogation, but also the characteristics of the accused, the statement was the product of an essentially free and unconstrained

choice by its maker, or whether the maker's will was overcome and his capacity for self-determination was critically impaired." *Goodwin v. Commonwealth*, 3 Va. App. 249, 253 (1986). In my opinion, the Commonwealth met its burden of establishing the defendant's confession was voluntary.

It is undisputed McCord was under emotional stress and that his emotional turmoil was evident during the interview. McCord "assumed" he "would be arrested" and "knew" he was in trouble almost from the outset. The evidence is uncontroverted that McCord freely and voluntarily disclosed, early in the interview and without being asked the question, that he was involved in similar incidents in Falls Church and that he was a pedophile. He readily conceded he knew the child in question.

Defendant testified he then requested that the investigators defer his arrest until after the National Guard Training weekend. According to defendant's testimony, his coerced confession came after Investigator Patterson agreed to do whatever he could to see that the arrest was deferred and after being confronted by the evidence that the victim could describe the interior of his apartment. McCord stated that, absent Patterson's assurance he would try to defer arrest, McCord would not have answered any other questions. McCord testified no promises were made, however.

Investigator Patterson testified that the defendant's request to defer arrest occurred at the end of the interview and after defendant's incriminating statements were made. Clearly, if the conflict in the evidence regarding the agreement to defer arrest were to be resolved in favor of the Commonwealth, there would remain little if any support for defendant's contention that his confession was not voluntary. *See, Kauffman v. Commonwealth*, 8 Va. App. 400, 403-406 (Defendant's confession, made while under severe psychological strain and in response to investigator's disclosure of certain incriminating statements made by victim held admissible); *see also Smith v. Commonwealth*, 219 Va. at 469. (Even where defendant was confronted with inculpatory evidence which had no foundation in fact and defendant had, by implication, become the focus of the investigation, the defendant's statements were found to be admissible.)

But, even taking the defendant's version of the facts as established, it is my opinion that the statements defendant made were the result of his sense of guilt and that they were made voluntarily and not as a result of official coercion. *See Colorado v. Connelly*, 479 U.S. 157 (1986) ("[T]he Fifth Amendment privilege is not concerned with 'moral and psychological pressures to confess emanating from sources other than official coercion'."); *Kauffman v. Commonwealth*, 8 Va. App. at 406, 413.

It cannot be said that all offers of assistance made by the police are, as a matter of law, to be treated as "calculated to undermine the suspect's ability to exercise his free will." *Oregon v. Elstad*, 470 U.S. 298, 309 (1985); or as reflecting "an official overreaching that negates the exercise of free and voluntary will," *Kauffman v. Commonwealth*, 8 Va. App. at 414 (dissenting opinion), or as constituting "such a powerful inducement [to the mind of the defendant] as to lead him to make [the statement] without regard to its truth or falsity, and hence [involuntarily]." *Belcher v. Commonwealth*, 160 Va. 891, 905-906 (1933).

In the present case, any agreement by the investigators to try to defer the time of arrest cannot be characterized as an inducement that overbore the will of the defendant or as a deliberate and intentional application of psychological pressure to induce the defendant to make an incriminating statement. *See Owens v. Commonwealth*, 218 Va. 69, 71 (1979). Significantly, the agreement to help with the timing of defendant's arrest was not initiated by the police but was made at defendant's instance and request. Moreover, the defendant's request was not couched in *quid pro quo* terms, and his contention at the suppression hearing that he would not have answered any more questions in the absence of the agreement to defer arrest is simply unsupported by the evidence of what actually occurred during the police questioning. Finally, the nature of the agreement itself, particularly in the absence of other evidence of police domination and overreaching, militates against the conclusion that it constituted a powerful inducement to confess, overbearing the will of the defendant. *See, e.g., Kauffman v. Commonwealth*, 8 Va. App. at 403, 406; *see also, Colorado v. Connelly*, 479 U.S. at 163-164, discussing the nature and degree of government

misconduct and overreaching, implicating and supporting a finding of due process violations.

In summary, for the reasons stated above, defendant's motion to suppress is denied.